UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

JACK A. MITCHELL,                                                      No. 10-12545

                                   Debtor(s).
_____/

Memorandum on Motion to Allow Late Claim
_____

       In this Chapter 13 case, creditor Redwood Credit Union has moved the court for leave to file a late claim. It alleges that it failed to file its claim before the bar date due to excusable neglect.

       Movant has cited cases allowing late claims in Chapter 11 claims due to excusable neglect. However, the time to file claims in Chapter 11 cases is governed by Rule 3003(c) of the Federal Rules of Bankruptcy Procedure, while Chapter 13 claims are governed by Rule 3002(c). Rule 9006(b)(1) allows enlargement of time due to excusable neglect, but it is expressly not applicable to Rule 3002(c). As the Supreme Court has explained:

> The time-computation and time-extension provisions of Rule 9006, like those of Federal Rule of Civil Procedure 6, are generally applicable to any time requirement found elsewhere in the rules unless expressly excepted. Subsections (b)(2) and (b)(3) of Rule 9006 enumerate those time requirements excluded from the operation of the "excusable neglect" standard. One of the time requirements listed as excepted in Rule 9006(b)(3) is that governing the filing of proofs of claim in Chapter 7 cases. Such filings are governed exclusively by Rule 3002(c). See Rule 9006(b)(3); In re Coastal Alaska Lines, Inc., 920 F.2d 1428, 1432 (CA9 1990). By contrast, Rule 9006(b) does not make a similar exception for Rule 3003(c), which, as noted earlier, establishes the time requirements for proofs of claim in Chapter 11 cases. Consequently, Rule 9006(b)(1) must be construed to govern the permissibility of late filings in Chapter 11 bankruptcies.

*Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380, 389n4, 113 S.Ct. 1489 (1993). See also *In re Gardenhire*, 209 F.3d 1145, 1150 (9th Cir. 2000).

      Time for filing a proof of claim pursuant to Rule 3002(c) is governed solely by that rule; Rule 9006 does not apply. Rule 3002(c) list six exceptions to the requirement to file a timely claim. Since Movant has not shown that any of the six exceptions apply, its motion must be denied.

      Counsel for Movant may submit an appropriate form of order if it desires one.

Dated: January 28, 2011

                                                Alan Jaroslovsky
                                                U.S. Bankruptcy Judge